## CIRCUIT COURT OF FAIRFAX COUNTY

Hanlin

v.

Arthritis Associates

May 29, 1995

Case No. (Law) 126822

By Judge Thomas S. Kenny

The motion pending before the court presents the novel question of whether a plaintiff in a medical malpractice suit is entitled to a nonsuit as a matter of right while the review panel requested by the defendant is still pending.

Section 8.01-380 of the Code of Virginia allows plaintiffs to take one nonsuit as a matter of right, unless the adverse party has filed a counterclaim arising out of the same transaction or occurrence. It is this section on which plaintiff relies.

Section 8.01-581.2 allows any party to a medical malpractice suit to request a review panel, which the defendant has done here, and provides that the underlying law action shall be stayed during the period of review. It is this section on which defendant relies in objecting to the nonsuit.

After reviewing the briefs submitted by counsel, I have decided to allow the plaintiff to take her nonsuit.

The fact that the defendant has requested a medical malpractice review panel does not, of itself, preclude the plaintiff from nonsuiting. The only exception to the absolute right to a timely nonsuit is contained in paragraph C of § 8.01-380, which is set out in the margin.[1] The defendant in

---

[1] "C. A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross-claim, or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross-claim, or third-party claim can remain pending for independent adjudication by the court." § 8.01-380, 1950 Code of Va. (Repl. Vol. 1992).

this case has not filed a counterclaim, cross-claim, or third-party claim, and therefore the exception in the non-suit statute does not apply.

The real issue is the effect of the "stay" provision in § 8.01-581.2.[2] While a stay is in effect under this section, can a plaintiff nonsuit without violating the stay? No authority has been offered by either party to resolve this question, and I have been unable to find any through my own research.

The purpose of any stay must be to maintain the status quo while other issues are being resolved. In the case of a medical malpractice review panel, the underlying legal action is stayed, presumably to avoid putting the parties to the burden of simultaneously preparing for a panel and a trier of fact.

The defendant does not contest the right of the plaintiff to nonsuit her case *after* the panel has rendered its opinion. If this is done, what has been accomplished? The opinion of the panel is not binding on the parties or the court. § 8.01-581.8. There is no assurance that the panel opinion in this case would be admissible in any subsequent action brought by the plaintiff, since the panel opinion is "admissible as evidence in *the* action by the plaintiff . . ." *Id.* (Emphasis added). The only thing that can be accomplished by allowing the panel to proceed is to give one or the other of the parties the benefit of an advisory opinion by a review panel. It does not do anything to further the purpose of the stay.

Such an advisory opinion procedure was effectively in place prior to the amendment of § 8.01-581.2 in 1993. Until then, no lawsuit for medical malpractice could be filed until the plaintiff had notified the health care provider of his or her claim, and if either party then requested a panel, no action could be brought until the panel had concluded its work.

Now, the statute requires that a lawsuit shall have been filed before the panel can be requested. Before 1993, the right to a lawsuit was dependent on giving the adverse party an opportunity for a panel. By this amendment, the General Assembly has made the opportunity for a panel entirely dependent on the existence of a lawsuit. Purely advisory opinions, independent of a pending suit, are no longer possible.

Simply because a nonsuit is taken does not guarantee that the plaintiff will refile her suit. If she does not, then considerable resources will have

---

[2] "Proceedings on the action based on the alleged malpractice shall be stayed if a panel is requested during the period of review by the medical review panel." § 8.01-581.2, 1950 Code of Va. (Supp. 1994).

been squandered on the panel process if I allow it to go forward. An advisory panel opinion would not, in any event, be a bar to her refiling.

Furthermore, I am not aware of any prejudice to the defendant by allowing the nonsuit at this time. We are still sufficiently far away from the panel hearing in this case that no injustice will result from balancing the conflict in the statutes, under the circumstances, in favor of the plaintiff.

Accordingly, I rule that the plaintiff's statutory right to a nonsuit, under the circumstances of this case, overrides the stay provided by the medical malpractice statutes, and I will grant the plaintiff's motion. Mr. Roberts will please submit the original of his proposed order of nonsuit to Mr. Gonsalves for endorsement and forward it to me for entry.

Upon entry of the nonsuit order, I will notify the Supreme Court that the panel proceedings should be terminated.